UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY HOPE ARTIAGA CASTILLO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE,<br><br>Defendant. | Case No. 24-cv-00701-SVK<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 12 |

Self-represented Plaintiff Mary Hope Artiaga Castillo alleges that Defendant City of San Jose (the "City") violated her Fourteenth Amendment right to due process when police officers impounded her RV. *See* Dkt. 1 (the "Complaint"). The City moves to dismiss. *See* Dkt. 12 (the "Motion"). Plaintiff opposes the Motion. *See* Dkt. 15.¹ Defendant filed a reply. *See* Dkt. 16. The Parties have consented to the jurisdiction of a magistrate judge. *See* Dkts. 8, 11. The Court has determined that the Motion is suitable for resolution without oral argument. *See* Civil Local Rule 7-1(b). After considering the Parties' briefing, relevant law and the record in this action, and for the reasons that follow, the Court **GRANTS** the Motion and **DISMISSES** the Complaint **WITH LEAVE TO AMEND**.

///

///

///

---

¹ Plaintiff does not offer any argument in opposing the Motion and instead states that she "want[s] the judge to hear [her] side of the story at the hearing." *See* Dkt. 15 at 2. Based on the allegations in the Complaint, Plaintiff's story is clear and merely lacks some facts that the law requires. The Court outlines those missing facts in this Order, rendering a hearing unnecessary.

## I. BACKGROUND

The following discussion of background facts is based on the allegations contained in the Complaint, the truth of which the Court accepts for purposes of resolving the Motion. *See Boquist v. Courtney*, 32 F.4th 764, 772 (9th Cir. 2022). For about three years, Plaintiff left her RV parked on a city block in San Jose. *See* Complaint ¶ 11. "There were several [other] RVs parked on the same block." *Id.* Then, on an unspecified date, the City left a notice on the window of the RV instructing Plaintiff to move her vehicle. *See id.* ¶ 6. This was not an isolated incident; "[e]very RV [on the block] was informed by the City to move because the City was planning on doing construction." *Id.* ¶ 12. A day or two later, "two San Jose police officers came to [the] RV and told [Plaintiff's] boyfriend . . . to immediately move [the] RV . . . or else [the] RV would be impounded." *See id.* ¶ 7. Plaintiff's boyfriend, who "was not the owner" of the RV, attempted to comply and move the vehicle, but it ran out of gas. *See id.* ¶¶ 7-9. The City subsequently impounded the vehicle, including Plaintiff's property contained inside.[2] *See id.* ¶¶ 9, 13. Plaintiff was not present for this incident. *See id.* ¶ 7. Notably, every other RV on the block moved at the City's request and returned the next day, and "no construction ha[d] been done" by the time Plaintiff commenced this action. *See id.* ¶ 12.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This facial-plausibility standard requires a plaintiff to allege facts resulting in "more than a sheer possibility that a defendant has acted unlawfully." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

In ruling on a motion to dismiss, a court may consider only "the complaint, materials incorporated into the complaint by reference, and matters [subject to] judicial notice." *See UFCW*

---

[2] Plaintiff does not clarify <u>when</u> the City impounded the RV, and so it is not clear whether the police officers who spoke to Plaintiff's boyfriend impounded the vehicle immediately after he failed to move it or whether the City impounded the vehicle at a later date.

*Loc. 1500 Pension Fund v. Mayer*, 895 F.3d 695, 698 (9th Cir. 2018) (citation omitted).  A court must also presume the truth of a plaintiff's allegations and draw all reasonable inferences in their favor.  *See Boquist*, 32 F.4th at 773.  However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (citation omitted).

If a court grants a motion to dismiss, it may exercise discretion to grant or deny leave to amend the complaint, and it "acts within its discretion to deny leave to amend when amendment would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith."  *See Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc.*, 817 F. App'x 380, 383 (9th Cir. 2020) (citation omitted).

## III.  DISCUSSION

Plaintiff alleges that the City violated her Fourteenth Amendment right to due process when it impounded her RV.  Her sole claim does not survive scrutiny under Rule 12(b)(6).

### A.  Plaintiff Does Not Sufficiently Allege That The City Violated Her Right To Due Process

"To show a procedural due process violation, [a plaintiff] must prove 'two distinct elements:  (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections.'" *United States v. 101 Houseco, LLC*, 22 F.4th 843, 851 (9th Cir. 2022) (citation omitted).  "The City accepts for purposes of th[e] Motion that Plaintiff's alleged ownership of her RV and its contents is a constitutionally protected property interest."  Motion at 4-5.  Thus, the Court must evaluate only whether Plaintiff has sufficiently alleged that the City provided inadequate procedural protections before impounding her RV.  The evaluation requires a "case-by-case" analysis "based on the total circumstances." *See State of Cal. ex rel. Lockyer v. FERC*, 329 F.3d 700, 711 (9th Cir. 2003).

To evaluate whether a procedure complies with the requirements of due process, courts weigh three factors, as set forth by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319 (1976):  (1) the competing interests of the government and the plaintiff; (2) the risk of an erroneous deprivation of those interests under existing procedures; and (3) the value of additional

3

or substitute procedures (the "*Mathews* Test"). *See id.* at 334-35; *see also Grimm v. City of Portland*, 971 F.3d 1060, 1065-66 (9th Cir. 2020). However, where a plaintiff challenges the sufficiency of notice provided by the government, courts instead consider whether the government provided notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections . . . with due regard for the practicalities and peculiarities of the case," as explained by the Supreme Court in *Mullane v. Central Hanover Bank & Trust Company*, 339 U.S. 306 (1950) (the "*Mullane* Standard"). *See id.* at 314 (citations omitted); *see also Grimm*, 971 F.3d at 1065-66.

In reading Plaintiff's Complaint, the Court cannot determine whether it should apply the *Mathews* Test or the *Mullane* Standard because Plaintiff does not expressly identify the procedure she challenges. If Plaintiff is challenging the sufficiency of the notice placed on her RV, then the Court would apply the *Mullane* Standard. In applying the *Mullane* Standard, the Court must analyze whether the notice apprised Plaintiff of the impending impoundment and provided her an opportunity to object to the impoundment. For the Court to do so, Plaintiff must allege additional facts about what the notice said, such as whether it informed her: (1) how long she had to move the RV; (2) whether failure to move the RV would result in impoundment; and (3) how to contact the City to object to the impoundment. *See, e.g.*, *Whitsitt v. City of Tracy*, No. 10-cv-00528-JAM, 2011 WL 2470739, at *3 (E.D. Cal. June 20, 2011) (*Mullane* Standard not satisfied where plaintiff did not allege, *inter alia*, "contents of communications"). If Plaintiff is challenging some procedure other than the notice (*e.g.*, that the police officers dealt with her boyfriend who was not the owner of the vehicle), she does not explain why any such other procedure was constitutionally deficient. To do so, Plaintiff would have to allege facts satisfying the *Mathews* Test, such as: (1) why the RV is important to her; (2) why the procedure used by the City to impound the RV is flawed; and (3) what additional procedures the City could have followed before impounding the RV.

Because Plaintiff does not identify the procedures she challenges and does not allege facts satisfying either the *Mullane* Standard or the *Mathews* Test, the Court must dismiss her claim. *See, e.g.*, *Richards v. Tumlin*, No. 21-cv-04420-PJH, 2021 WL 4033027, at *3 (N.D. Cal. Sept. 3,

2021) (dismissing due-process claim because "plaintiff fails to identify the procedure (or lack thereof) maintained by the County that he challenges as constitutionally deficient" and "fails to show how or why the benefit of any additional procedural safeguard outweighs its corresponding burden"). The Court will permit Plaintiff an opportunity to amend her Complaint. In an amended pleading, Plaintiff must (1) expressly identify the procedure she is challenging and (2) explain why that procedure was deficient, as explained in detail above.

### B. Plaintiff Does Not Sufficiently Allege That The City Can Be Held Vicariously Liable For The Constitutional Violations Of Its Police Officers

Even if Plaintiff had sufficiently alleged a violation of her right to due process, the Court would nevertheless dismiss her claim because she has not sufficiently alleged that the City can be held liable for the due-process violation of its police officers. "A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights."[3] *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citation omitted). Specifically, a plaintiff must allege: "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *See id.* (citation omitted). Plaintiff does not offer any allegations as to the City's policy regarding removal of an RV. If Plaintiff files an amended complaint, she must allege facts demonstrating satisfaction of these requirements.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and **DISMISSES** the Complaint **WITH LEAVE TO AMEND**. Plaintiff must file an amended complaint by **September 3, 2024**. The Court will dismiss this action if Plaintiff fails to file an amended complaint by the deadline.

---

[3] Although Plaintiff does not expressly bring a claim under Section 1983, "[t]he exclusive remedy for vindicating alleged violations of constitutional rights by state actors is" Section 1983. *See Varela v. S.F. City & Cnty.*, No. 06-cv-01841-WHA, 2006 WL 3747179, at *1 (N.D. Cal. Dec. 14, 2006). The Court, therefore, construes her claim as arising under Section 1983.

The Court encourages Plaintiff to seek free legal assistance from the Legal Help Center located in the San Jose courthouse. The Legal Help Center will not represent Plaintiff in this action but can provide basic legal assistance at no cost. Plaintiff can schedule an appointment by calling 408-297-1480 or emailing hsong@asianlawalliance.org. Plaintiff can find more information about the Legal Help Center at: https://cand.uscourts.gov/pro-se-litigants/.

The Court also provides a free guide, "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which provides instructions on how to proceed at every stage of the case, including discovery, motions and trial. Plaintiff can access the guide online (https://www.cand.uscourts.gov/wp-content/uploads/2023/03/Pro_Se_Handbook_4-2024_MBB.pdf) or in hard copy free of charge from the Clerk's Office.

**SO ORDERED.**

Dated: August 2, 2024

SUSAN VAN KEULEN
United States Magistrate Judge