UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY HOPE ARTIAGA CASTILLO,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE,<br><br>    Defendant. | Case No. 24-cv-00701-SVK<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br>Re: Dkt. No. 25 |

Self-represented Plaintiff Mary Hope Artiaga Castillo brought this suit alleging that Defendant City of San Jose (the "City") violated her Fourteenth Amendment right to due process when police officers impounded her RV. *See* Dkt. 1. After an initial motion to dismiss, Plaintiff amended her complaint. *See* Dkt. 24 (the "First Amended Complaint" or "FAC"). Before the Court now is the City's second Motion to Dismiss. Dkt. 25 (the "Motion"). The Parties have consented to the jurisdiction of a magistrate judge. *See* Dkts. 8, 11. The Court has determined that the Motion is suitable for resolution without oral argument. Civil L.R. 7-1(b). After considering the Parties' briefing, relevant law and the record in this action, and for the reasons that follow, the Court **GRANTS** the Motion and **DISMISSES** the Complaint **with leave to amend**.

I.    **BACKGROUND**

The Court has previously described the background facts, as alleged in Plaintiff's original complaint. Dkt. 18 at 2. In her First Amended Complaint, Plaintiff alleges the following amended/additional facts: (1) rather than running out of gas, her RV "wasn't running good enough to be on the road" when her boyfriend attempted to move it in compliance with the City's notice; and (2) details regarding the property that allegedly was lost as a result of the impoundment by the City, including electrical work, tools, tires, and Plaintiff's cats. FAC, ¶¶ 9-11. No other new facts have been alleged.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This facial-plausibility standard requires a plaintiff to allege facts resulting in "more than a sheer possibility that a defendant has acted unlawfully." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

In ruling on a motion to dismiss, a court may consider only "the complaint, materials incorporated into the complaint by reference, and matters [subject to] judicial notice." *See UFCW Loc. 1500 Pension Fund v. Mayer*, 895 F.3d 695, 698 (9th Cir. 2018) (citation omitted). A court must also presume the truth of a plaintiff's allegations and draw all reasonable inferences in their favor. *See Boquist v. Courtney*, 32 F.4th 764, 772 (9th Cir. 2022). However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (citation omitted).

With regard to self-represented plaintiffs, courts "are specifically directed to construe *pro se* pleadings liberally." *United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020). "[B]efore dismissing a *pro se* complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and quotation marks omitted). "A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Id.* (quoting *Schucker v. Rockwood,* 846 F.2d 1202, 1203–04 (9th Cir.1988) (per curiam).

## III. DISCUSSION

Most of the issues raised by the City are substantially similar to those in its first motion to dismiss. *Compare* Dkt. 12 at 2 *with* Dkt. 25 at 2. The only new issue raised by the City is that Plaintiff's First Amended Complaint affirmatively establishes that due process was satisfied, and thus further leave to amend would be futile. Dkt. 25 at 2, 6, 10. The Court addresses these

arguments in turn.

**A.   ISSUES TWO THROUGH FOUR OF THE CITY'S MOTION TO DISMISS**

Issues 2-4 in the Motion are substantively the same as issues 1-3 in the City's first motion, and the Court incorporates here the discussion of those points from its prior order. *See* Dkt. 18. In brief, in its prior order, the Court explained that it could not determine from reading Plaintiff's complaint whether she was challenging *the sufficiency of the notice* placed on her RV or *some other procedure relating to the impoundment* or both. Dkt. 18 at 3-5 (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976) and *Mullane v. Central Hanover Bank & Trust Company*, 339 U.S. 306 (1950). The question is important because the focus of Plaintiff's challenge determines the standard the Court must use in evaluating the complaint. Thus, in its prior order, the Court explicitly instructed Plaintiff that she must "expressly identify the procedure she is challenging" and explain "why that procedure was deficient." *Id.* at 4-5. The Court also instructed Plaintiff that if she wishes to pursue this action against the City, rather than against specific persons, Plaintiff would need to offer allegations "as to the City's *policy* regarding removal of an RV." *Id.* at 5 (emphasis added).

The First Amended Complaint contains very little of the additional information required to state a claim. None of the new allegations identify the procedure Plaintiff is challenging or explain why any procedure is deficient. Nor do any of the allegations address a City policy regarding RV removal. Still, this Court is mindful of the "entrenched principle that *pro se* filings[,] however inartfully pleaded[,] are held to less stringent standards than formal pleadings drafted by lawyers" and the instruction to construe *pro se* pleadings liberally. *Qazi*, 975 F.3d at 992–93 (9th Cir. 2020). Construed liberally, Plaintiff's new allegations that all of her personal belongings, including her cats, were contained in the RV and lost due its impoundment could establish the RV's importance (which is a relevant piece of the inquiry under *Matthews*, reflected in item (2)(a) below). *See* FAC, ¶¶ 10-11. However, the allegations fail to identify a challenged procedure or policy. *Id.* Plaintiff's allegations as to the RV's immobility similarly fail to address this critical question: What policy or specific procedure is being challenged?

If Plaintiff choses to amend her complaint again, she must satisfy <u>at least one</u> of the

following inquiries:

(1) <u>If challenging the sufficiency of the notice</u> placed on her RV, Plaintiff must allege "additional facts about <u>what the notice said</u>, such as whether it informed her: [(a)] how long she had to move the RV; [(b)] whether failure to move the RV would result in impoundment; [(c)] how to contact the City to object to the impoundment." Dkt. 18 at 3-5. Alternatively,

(2) <u>If challenging some other procedure</u> "(*e.g.*, that the police officers dealt with her boyfriend who was not the owner of the vehicle,)" then Plaintiff must allege <u>additional facts</u> such as: "[(a)] why the RV is important to her;[1] [(b)] why the procedure used by the City to impound the RV is flawed; and [(c)] what additional procedures the City could have followed before impounding the RV." *Id.*

In addition, if Plaintiff continues to pursue this action against the City, she must offer allegations as to the City's RV removal policy.

Finally, in her opposition to the City's Motion, Plaintiff includes various details about the status of her RV and about the second, verbal notice provided by the City. Dkt. 31 at 1-4. The Court emphasizes that <u>the facts identified in Plaintiff's opposition are not currently part of her complaint.</u>[2] However, Plaintiff may consider which facts support the required elements discussed in the preceding paragraphs; if she can plead any of the facts from her opposition <u>in good faith in an amended complaint, she may do so.</u> For example, the statement in Plaintiff's opposition that

---

[1] To be clear, construed liberally, Plaintiff's allegations regarding her lost personal belongings in paragraphs 10-11 of the First Amended Complaint are sufficient for question 2(a) (the importance of the RV), and Plaintiff does **not** need to plead any additional facts as to 2(a). But Plaintiff must plead additional facts to support parts 2(b) and 2(c). *See* Dkt. 18 at 4.

[2] On reply, the City urges the Court to disregard the newly-asserted facts both as beyond Plaintiff's complaints and because at least some of the facts "appear to be contradicted by allegations" in Plaintiff's complaints. Dkt. 33 at 3-4. Without determining the issue of apparent inconsistency, which may or may not be explainable with further factual context, the Court agrees that it "may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss," in determining whether to grant the Motion. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis omitted). Nonetheless, particularly in the case of a *pro se* Plaintiff, the Court may look to proffered facts in an opposition in determining whether to grant leave to amend. *Cf. Wills v. City of Monterey*, No. 21-CV-01998-EMC, 2022 WL 504159, at *1 (N.D. Cal. Feb. 18, 2022) ("constru[ing] Plaintiff's opposition [to a motion to dismiss] as a request for leave to amend her complaint," and granting the request).

1  she is "disputing this" because the RV was registered to her suggests, construed liberally, that she
2  takes issue with the second notice being provided to her boyfriend and not to her. Dkt. 31 at 2-3.
3  Accordingly, because Plaintiff has failed to cure the deficiencies identified by the Court,
4  the Court will **GRANT** the Motion to Dismiss **with leave to amend** as explained below.

   **B.     The First Amended Complaint Does Not Affirmatively Establish that Due Process was Followed**

The City argues that Plaintiff's complaint should be dismissed without leave to amend because "Plaintiff's allegations establish that the City provided sufficient notice and did not violate her due process rights" and as such "leave to amend would be futile." Motion at 5-6, 10. The Court does not find the City's argument persuasive for the following reasons.

Plaintiff's opposition admits: "Yes I received 2 notices" but continues "I'm disputing this," *i.e.*, bringing this claim, "because the RV was registered to me" and "had a non[-]op[erable status]." Dkt. 31 at 2-3.[3] The City argues that, under *Grimm v. City of Portland*, "placing a warning slip on the windshield of the [vehicle] two days before the Car was towed" is sufficient notice. Motion at 6 (quoting *Grimm*, 125 F.4th 920, 928 (9th Cir. 2025)). The City's argument goes too far. To be sure, Plaintiff alleges and admits that she was provided two notices, (FAC, ¶¶ 6-7; Dkt. 31 at 2) and that, after the notices, other RVs on the block were moved and returned the next day, (FAC, ¶ 13). But the factual record in *Grimm*, on summary judgment, was far more detailed – such that the Ninth Circuit was able to determine that the *Mullane* standard applied to that case. *See Grimm*, 125 F.4th 920 at 923-24.

By contrast, here, the Court is unable to determine whether Plaintiff's complaints are directed to the first notice, which would be governed by the *Mullane* standard and *Grimm*'s guidance, or to the verbal notice provided to Plaintiff's boyfriend, which would be governed by the *Matthews* test that *Grimm* does not address. *See* Dkt. 18 at 3-5; *supra*, § III.A. The City's argument does not address Plaintiff's possible *Matthews* claim at all, and for that reason alone it must be denied. Even if the Court cabined its analysis only to the possible *Mullane* claim,

---

[3] As explained in Section III.A., above, this Court does not rely on Plaintiff's proffered facts as part of the amended complaint, but only as an explanation of what sorts of facts Plaintiff could allege if given the chance to amend. *See, supra*, § III.A. at n.2.

Plaintiff's FAC is so sparse in detail that, although it does not state a claim, neither does it foreclose one. Indeed, during its first opinion in the *Grimm* litigation, the Ninth Circuit "remand[ed] th[e] case to the district court to consider, among other questions: (1) "Is putting citations on a car that do not explicitly warn that the car will be towed reasonably calculated to give notice of a tow to the owner? …" *Grimm v. City of Portland*, 971 F.3d 1060, 1068 (9th Cir. 2020) (remanding for further factfinding by the district court). Here, Plaintiff's complaint does not answer questions post by the *Grimm* court, let alone other questions under *Mullane*.

Accordingly, the Court cannot say that Plaintiff's FAC alleges facts that due process was satisfied and forecloses her claim.

### C. Leave to Amend Is Not Futile and Is Granted in View of Plaintiff's Self-Represented Status

Finally, this Court must consider whether to grant leave to amend. Because Plaintiff's FAC does not foreclose her claims, as explained in Section III.B., above, the Court does not find amendment futile on that ground. *See, supra*, § III.B. The City further argues that "Plaintiff has had two opportunities to allege facts in support of her claim" and has "failed to [do so] … despite the specific guidance the Court provided in its [prior] Order." Motion at 10.

The City's argument that Plaintiff has failed to amend despite the Court's specific instructions is well-taken. But "[a] district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar*, 698 F.3d at 1212 (quoting *Schucker,* 846 F.2d at 1203–04). Indeed, district courts regularly give *pro se* litigants a second or third bite at amendment before determining that further attempts would be futile. *See e.g.*, *Aquino v. California Reconveyance Co.*, No. 14-CV-01818-WHO, 2014 WL 5494446, at *1 (N.D. Cal. Oct. 30, 2014) (dismissing complaint with prejudice only after two prior chances to amend); *Jones v. Goldburn*, No. CV 21-0113 PA (AS), 2021 WL 5926134, at *7 (C.D. Cal. Nov. 10, 2021), *report and recommendation adopted*, No. CV 21-00113-PA (AS), 2021 WL 6135222 (C.D. Cal. Dec. 29, 2021) (dismissing a claim with prejudice only after having "twice explained to Plaintiffs the deficiencies in their allegations…."). In light of Plaintiff's *pro se* status and the additional facts proffered in Plaintiff's

1   opposition this Court will **grant leave to amend** to allow Plaintiff to try again.

2   IV.   **CONCLUSION**

For the forgoing reasons, the Court **GRANTS** the Motion to Dismiss **with leave to amend.** Plaintiff must file an amended complaint **by June 12, 2025**. The Court will dismiss this action if Plaintiff fails to file an amended complaint by the deadline. Plaintiff is **strongly encouraged** to read the following guidance regarding deficiencies in her Complaint carefully.

Plaintiff's amended complaint must specifically identify which procedure she is challenging as deficient: (1) the paper notice on her windshield or (2) the second, verbal notice or (3) both. Plaintiff must allege why the procedure was deficient, for example:

(1) if challenging the sufficiency of the notice placed on her RV, Plaintiff must allege:
    additional facts about what the notice said, such as:
    (a) did it say how long she had to move the RV?
    (b) did it say whether failure to move the RV would result in towing / impoundment? **and**
    (c) did it explain how to contact the City to object to towing / impoundment?

Alternatively,

(2) if challenging some other procedure, such as that the police officers dealt with her boyfriend who was not the owner of the vehicle rather than Plaintiff herself, Plaintiff must allege additional facts about:
    (b) why the procedure used by the City to tow the RV is flawed; **and**
    (c) what additional procedures the City could have followed before towing the RV

Finally, if Plaintiff is pursuing this action against the City, she must offer allegations as to the City's RV removal policy.

Plaintiff may include other facts such as those explained in her opposition but should carefully consider what facts she can allege in good faith to meet the pleading requirements the Court has explained. If Plaintiff does not at least allege what procedure she is challenging as deficient in her next amendment, the Court may dismiss her complaint without leave to amend.

Plaintiff is also strongly encouraged to utilize this Court's helpdesk for litigants who are

7

representing themselves.  This program will not represent Plaintiff in this action but can provide basic legal assistance at no cost.  Plaintiff can schedule an appointment by calling (408) 297-1480 or emailing hsong@asianlawalliance.org. Plaintiff can find more information about the Legal Help Center at: https://cand.uscourts.gov/pro-se-litigants/.  The court also provides a free guide, "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which provides instructions on how to proceed at every stage of the case, including discovery, motions and trial. Plaintiff can access the guide online (https://cand.uscourts.gov/pro-se-handbook/) or in hard copy free of charge from the Clerk's Office.

**SO ORDERED.**

Dated: May 12, 2025

SUSAN VAN KEULEN
United States Magistrate Judge